IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HELIOS STREAMING, LLC and IDEAHUB, INC., | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) Civ. No. 19-1792-CFC/SRF ) |
| VUDU, INC., | ) ) ) |
| Defendant. | ) |

## **<u>MEMORANDUM ORDER</u>**

Pending before me are Plaintiffs' objections (D.I. 29) to the Magistrate Judge's Report and Recommendation issued on May 11, 2020 (D.I. 28). The Magistrate Judge recommended in her Report and Recommendation that I grant Defendant's motion to dismiss the claims of indirect infringement alleged in the Complaint (D.I. 12). I have reviewed the Report and Recommendation, the objections, and Defendant's response (D.I. 31).

The Magistrate Judge had the authority to make her findings and recommendation under 28 U.S.C. § 636(b)(1)(B). I review her findings and recommendation de novo. § 636(b)(1); see also Fed. R. Civ. P. 72(b)(3); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011).

Plaintiffs argue first that the Magistrate Judge "applie[d] an erroneous standard" and "impermissibily dr[ew] inferences against [Plaintiffs]." D.I. 29. I

disagree. The Magistrate Judge recited correctly the applicable standards to use in deciding a motion to dismiss, D.I. 3, and applied those standards in her Report and Recommendation. Plaintiffs contend that the Magistrate Judge should have placed on Defendants "the burden of showing that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." D.I. 29 at 2 (quotation marks and citation omitted). But the Supreme Court expressly rejected that standard in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561–63 (2007) (holding that the "no set of facts" standard had been "questioned criticized, and explained away long enough" and was "best forgotten as an incomplete, negative gloss on an accepted pleading standard"). The Court held in *Twombly* that to survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The Magistrate Judge applied this standard and correctly concluded that the Complaint failed to recite facts from which it could plausibly be inferred that Defendant induced the infringement of the asserted patents. *See* D.I. 28 at 14 & n.12.

Plaintiffs next argue that its August 2018 letter put Defendant on notice that its actions induced infringement of at least five of the asserted patents. But I agree with the Magistrate Judge's finding that although the letter gave Defendant notice that five of the patents existed, it did not explain how Defendant's products or

2

actions infringed the patents and therefore did not provide adequate notice that Defendant's products or actions constituted or caused infringement of the patents. First, the letter does not state that Defendant's products or actions infringe any patent. Second, and, contrary to Plaintiffs' assertions, I do not read the Magistrate Judge's observation that the letter did not include claim charts to mean that she believed claim charts are required to provide notice of infringement. Her observation was just that—an observation of the fact that the letter did not contain claim charts. The key fact is that the letter does not offer any explanation about how Defendant's products or actions infringe or caused the infringement of an asserted patent. As the Magistrate Judge correctly noted, "the August 23, 2018 letter did not provide any details indicating how [Defendant] took actions which induced the infringement of the patents-in-suit." D.I. 28 at 11. Third, even if Plaintiffs were correct that the letter communicated that one or more of the asserted patents read on an industry standard for adaptive streaming technology met by Defendant's products, the letter offers no explanation about how the patents read on any such standard.

Plaintiffs also fault the Magistrate Judge for holding that "[a]llegations of [Defendant's] knowledge of inducement derived from the filing of the original complaint itself are not sufficient to state a claim in this case." D.I. 29 at 8

3

(quoting D.I. 28 at 7). But I agree with the Magistrate Judge. "The purpose of a complaint is not to create a claim but rather to obtain relief for an existing claim." *VLSI Tech. LLC v. Intel Corp.*, No. CV 18-966-CFC, 2019 WL 1349468, at *2 (D. Del. Mar. 26, 2019). For that reason, the complaint itself cannot be the source of the knowledge required to sustain claims of induced or willful infringement. *See id.* (holding that "the complaint itself cannot serve as the basis for a defendant's actionable knowledge" for a willful infringement claim); *Kaufman v. Microsoft Corp.*, No. 16 CIV. 2880 (AKH), 2020 WL 364136, at *4 (S.D.N.Y. Jan. 22, 2020) (holding that "Plaintiff's theory [of post-suit knowledge of asserted patents] is without merit" and "not the law in this district").[1]

Finally, Plaintiffs object to the Magistrate Judge's finding with respect to whether the Complaint adequately alleged that Defendant had the requisite specific intent to induce infringement. Because I agree with the Magistrate Judge's finding that the Complaint failed to allege the requisite knowledge for an induced infringement claim, I need not and do not consider this objection.

WHEREFORE, on this 15th day of June in 2020, IT IS HEREBY

---

[1] Because the purpose of a complaint is to obtain relief from an existing claim and not to create a claim, Plaintiffs should not assume that if they accept the Magistrate Judge's invitation to "to file an amended pleading alleging post-suit inducement based on knowledge derived from the filing of the original complaint[,]" D.I. 28 at 10, I will deny a motion by defendants to dismiss that amended pleading.

4

ORDERED that:

1. Plaintiffs' Objections to the Magistrate Judge's Report and Recommendation (D.I. 29) are OVERRULED;

2. The disposition recommended in the Report and Recommendation (D.I. 28) is ADOPTED;

3. Defendants' motion to dismiss (D.I. 12) is GRANTED;

4. The Complaint is DISMISSED; and

5. Plaintiffs shall have until July 15, 2020 to file an amended complaint.

_____
UNITED STATES DISTRICT JUDGE

5