IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

HELIOS STREAMING, LCC and          )
IDEAHUB, INC.,                     )
                                   )
            Plaintiffs,            )
                                   )
      v.                           )    C.A. No. 19-1792 (CFC) (SRF)
                                   )
VUDU, INC.,                        )
                                   )
            Defendant.             )

**DEFENDANT VUDU, LLC'S RESPONSE TO PLAINTIFFS' OBJECTIONS
TO THE REPORT AND RECOMMENDATION ISSUED BY
<u>MAGISTRATE JUDGE FALLON ON JANUARY 26, 2021</u>**

MORRIS NICHOLS ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Andrew M. Moshos (#6685)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
amoshos@morrisnichols.com

*Attorneys for Defendant*

OF COUNSEL:

Steven Lieberman
Sharon L. Davis
Jennifer B. Maisel
Brian S. Rosenbloom
Nicole DeAbrantes
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
607 14th Street, N.W., Suite 800
Washington, DC  20005
(202) 783-6040

February 23, 2021

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ..................................................................... ii

I.   INTRODUCTION ........................................................................ 1

II.  PLAINTIFFS FAILED TO PLEAD FACTS ADEQUATE TO
     SUPPORT WILLFUL BLINDNESS OF INFRINGEMENT ........................ 3

III. PLAINTIFFS' PROCEDURAL OBJECTIONS SHOULD BE
     REJECTED ................................................................................ 7

IV.  CONCLUSION ........................................................................... 9

<u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

**Cases**

*Fujitsu Ltd. v. Netgear Inc.*,
  620 F.3d 1321 (Fed. Cir. 2010) .........................................................................4, 6

*Godo Kaisha IP Bridge 1 v. TCL Commc'n Tech. Holdings Ltd.*,
  967 F.3d 1380 (Fed. Cir. 2020) .......................................................................5, 6

Defendant Vudu, LLC ("Vudu") provides this response to Plaintiffs Helios Streaming, LLC and Ideahub, Inc.'s (collectively "Plaintiffs" or "Helios") Objections (D.I. 101) ("Objections") to Magistrate Judge Fallon's January 26, 2021 Report and Recommendation ("the Report") (D.I. 90) on Vudu's Motion to Dismiss (D.I. 53-54).

## I.   INTRODUCTION

Plaintiffs object to one narrow aspect of the Report:  Magistrate Judge Fallon's recommendation that this Court dismiss Plaintiffs' pre-suit induced infringement claims in Counts I and VIII-XI because the First Amended Complaint ("FAC") (D.I. 45) fails to plead facts sufficient to support a reasonable inference that Vudu had pre-suit knowledge of infringement.  Specifically, Plaintiffs assert that the Magistrate Judge erred in her analysis of the factual allegations supporting their claims that Vudu was willfully blind as to its infringement of U.S. Patent Nos. 10,027,736; 8,645,562; 8,909,805; 9,325,558 and 9,467,493.[1]

Notably missing from the Objections is any explanation of how the specific factual allegations in the FAC meet the legal requirements for establishing

---

[1]      Plaintiffs do not challenge the Magistrate Judge's conclusion that they failed to plead facts sufficient to support a claim that Vudu had actual knowledge of infringement of the patents at issue in Counts I and VIII-XI.  Plaintiffs also do not challenge the recommendation that this Court dismiss the induced infringement claims in Counts II-V and VII relating to U.S. Patent Nos. 10,270,830; 10,277,660; 10,313,414; 10,356,145; and 10,375,373 on the grounds set forth in the Report— including Plaintiffs' willful blindness allegations with respect to those counts.

inducement of infringement based on willful blindness.  Nor do Plaintiffs point to any legal authority suggesting that Magistrate Judge Fallon's analysis of the governing Federal Circuit authority was incorrect.  As explained below, the Report's analysis of the governing law and the nature of the factual allegations in the FAC was correct and the recommendation to dismiss these pre-suit inducement claims should be accepted.

Rather than focus on whether the facts alleged create a reasonable inference of willful blindness, Plaintiffs devote much of their Objections to their procedural argument that they were unable to present their arguments on willful blindness to the Court because of the way the briefing unfolded.  Plaintiffs make this argument even though on August 24, 2020, they filed with the Court a "Request for Oral Argument or Sur-Reply" in which they requested "**either** (1) oral argument… **or** (2) **in the alternative**, the opportunity to file a sur-reply", and to which Plaintiffs attached their proposed sur-reply.  D.I. 62 at 1 (emphasis added).  In response to this Request (D.I. 62), the Magistrate Judge granted Plaintiffs' request for oral argument, which took place on October 28, 2020, and which lasted for 90 minutes.  As set forth in the Report, the Magistrate Judge evaluated the totality of the arguments raised by the parties—including those made during the oral argument (*see, e.g.*, D.I. 90 at 15 n.18)—and determined that the issue had been appropriately raised by Vudu.  *See* D.I. 90 at 13-14.  Moreover, as explained below, the Magistrate Judge properly

considered the issues raised by Plaintiffs and gave them a full opportunity to present their arguments.  There is no basis to reject the Report's substantive recommendation based on these procedural issues.

## II.   PLAINTIFFS FAILED TO PLEAD FACTS ADEQUATE TO SUPPORT WILLFUL BLINDNESS OF INFRINGEMENT

Plaintiffs assert that the Magistrate Judge ignored the distinction between actual knowledge and willful blindness, and failed to analyze the issue of willful blindness.  D.I. 101 at 7.  Not so.  The Report specifically sets forth the law on willful blindness, and then analyzes whether the facts pleaded in the FAC supported a claim for willful blindness of infringement.  D.I. 90 at 5, 12-16.  In the Report, the Magistrate Judge correctly stated the standard for willful blindness (and Helios does not dispute this point), which requires that Vudu, *inter alia*, "take deliberate actions to avoid learning of" the infringement.  D.I. 90 at 12-13.  She then reviewed the allegations in the FAC and correctly concluded that nothing in those allegations met that standard.  As the Magistrate Judge explained: "The FAC concludes that Vudu actively avoided knowing of the infringement **without alleging facts supporting reasonable inferences that would permit such a conclusion**." *Id*. at 15 (emphasis added).  Specifically, the Magistrate Judge found that the FAC "does not contain any factual allegation that Vudu practiced optional portions of the standard" or "other factual allegations which would permit the reasonable inference that practicing the MPEG-DASH standard automatically infringed the asserted patent." *Id*.  Based on

that analysis, she ultimately concluded, "it is not reasonable to infer that Vudu took 'deliberate actions' to avoid learning about the alleged infringement." *Id*.

Plaintiffs fail to articulate any specific reason why that analysis of these pleaded facts is wrong. Plaintiffs agree that in order to establish willful blindness, they would need to show that Vudu had "take[n] deliberate actions to ***avoid learning*** of [a particular] fact." D.I. 101 at 5. But the Magistrate Judge found that none of the factual allegations to which Plaintiffs pointed provided a basis from which one could reasonably conclude that Vudu met that standard. That finding was correct. The FAC contains no factual allegations from which one could conclude that Vudu took deliberate actions to avoid learning that it was infringing Plaintiffs' patents.

As demonstrated in Vudu's motion to dismiss, Plaintiffs' factual allegations that they informed Vudu that (1) their patents pertained to the MPEG-DASH standard and (2) Vudu practiced that standard were insufficient to support Plaintiffs' induced infringement claims. Plaintiffs conceded at oral argument that the claims in these patents include optional features. D.I. 90 at 15, citing 10/28/2020 Tr. at 44:3–4. As the Magistrate Judge recognized, the Federal Circuit has held that when patent claims are directed to optional features of a standard, merely stating that a product practices the standard does not provide an allegation of infringement. *See* D.I. 90 at 11-12, citing *Fujitsu Ltd. v. Netgear Inc.,* 620 F.3d 1321, 1327-28 (Fed. Cir. 2010). That line of governing cases (which Plaintiffs do not address)

4

demonstrates that the factual allegations on which Plaintiffs rely are insufficient to show <u>either</u> actual knowledge or willful blindness.  *See, e.g., Godo Kaisha IP Bridge 1 v. TCL Commc'n Tech. Holdings Ltd.*, 967 F.3d 1380, 1384 (Fed. Cir. 2020). Indeed, other than their conclusory references to willful blindness in Paragraphs 84-86, 480-482, 538-540, 596-598 and 654-656 of the FAC (D.I. 45), Plaintiffs do not identify any factual allegations in support of their willful blindness theory that were not also part of their argument for actual knowledge.  For that reason, the Report also correctly concluded that Plaintiffs' willful blindness claims fail for the same reasons as their actual knowledge claims; *i.e.,* because under Federal Circuit precedent, the factual allegations on which they rely are insufficient to suggest that Vudu infringes any of the patents at issue. D.I. 90 at 15.

Plaintiffs point to only one specific allegation in the FAC that they contend the Magistrate Judge overlooked in her willful blindness analysis. D.I. 101 at 6 (relying on Paragraphs 65, 461, 519, 577, and 635 of the FAC (D.I. 45)).  That paragraph (repeated in each of the counts) reads in its entirety:

> On or about February 19, 2019, Helios emailed Vudu and reiterated that Helios was still waiting for the results of Vudu's investigation, which Vudu had represented it began almost four months prior. Helios again identified ISO/IEC 23009-1 as the MPEG-DASH standard to which Helios's MPEG-DASH patent portfolio, including the '736 patent, pertained.  Helios also informed Vudu that Helios "confirmed that Vudu utilizes the DASH standard." In support of this point, Helios attached screenshots to the February 19, 2019 email that demonstrated with pictorial evidence Vudu's use of MPEG-DASH in its streaming VOD.

D.I. 45, ¶¶ 65, 461, 519, 577, 635.  As the Magistrate Judge correctly concluded, this paragraph alleges only that Plaintiffs told Vudu that their patents relate to the DASH standard and that Vudu used the DASH standard.  *See* D.I. 90 at 15 n.18 (setting forth the Magistrate Judge's analysis of the paragraphs of the FAC identified by Plaintiffs, including Paragraph 65, as insufficient to support an allegation of willful blindness).  Plaintiffs cite no authority for the proposition that simply alleging that they informed Vudu that their patents pertained to a standard and that Vudu used that standard, is sufficient to support an inference that Vudu took deliberate action to avoid learning of infringement.  Indeed, such a result would be inconsistent with the Federal Circuit's repeated determinations that those types of allegations do not suffice to put an alleged infringer on notice of infringement.  *See, e.g., Fujitsu*, 620 F.3d at 1327-28; *Godo Kaisha,* 967 F.3d at 1384.  Under this well-established caselaw, the Magistrate Judge correctly concluded that the allegations in the FAC relied upon by Plaintiffs do not lead to a reasonable inference that Vudu took action to avoid learning of infringement.

Because the Report fully analyzed the issue of whether the FAC alleges facts sufficient to support Plaintiffs' assertion of willful blindness and correctly applied the appropriate law to the factual allegations of the FAC, the Objections fail and the Report's recommendation to dismiss the pre-suit induced infringement claims in Counts I and VIII-XI should be adopted.

## III.   PLAINTIFFS' PROCEDURAL OBJECTIONS SHOULD BE REJECTED

Plaintiffs spend a significant part of their Objections arguing that the Magistrate Judge erred procedurally in even considering Vudu's arguments on willful blindness.  Plaintiffs' arguments fail for several reasons.

<u>First</u>, contrary to Plaintiffs' assertions, the Magistrate Judge fully examined the question of whether Vudu had violated the local rules in its briefing and concluded that it had not.  D.I. 90 at 13-14 (citing D. Del. LR 7.1.3(c)(2)). Therefore, she correctly found in the context of the full record that Vudu had not violated the local rules and it was within her discretion to address the issue on the merits.

<u>Second</u>, Plaintiffs suggest that the Magistrate Judge erred because she stated that Plaintiffs' willful blindness theory failed for the same reasons as the actual knowledge theory based on the weaknesses in those allegations identified in Vudu's opening brief.  *See* D.I. 101 at 1, 4-5.  But Plaintiffs ignore the analysis in the Report that expressly and specifically examines the factual allegations in the FAC <u>in the context of the standard for willful blindness</u>.  *See* D.I. 90 at 15.  As explained above, the legal issues underlying the analysis of both the actual knowledge and willful blindness theories were the same, and the factual allegations upon which Plaintiffs relied were the same.  That is so because, as the Report explains, Plaintiffs' theory as to why Vudu had actual knowledge of infringement of their patents was the same as their theory as to why Vudu, in the alternative, was willfully blind to such

7

knowledge: (1) the patents were standard essential (although, as Plaintiffs admit, "some portions of the standard are optional" (D.I. 90 at 12, 15)); and (2) Vudu provided some streaming services utilizing the standard.  D.I. 90 at 15.  Therefore, the arguments about the import of those same factual allegations were also the same, albeit applied to both the standard for actual knowledge and for willful blindness. For that reason, both Vudu and the Report addressed those fundamental issues primarily in the context of the actual knowledge analysis.

Third, much of Plaintiffs' criticism of the Report's treatment of the procedural issues arises from their attempt to cherry pick quotes out of context.  For example, in their Objections, Plaintiffs include a quote from the Magistrate Judge's questions during the oral argument concerning Vudu's reply brief and suggest that it supports their waiver theory.  D.I. 101 at 7.  However, it is plain from the excerpt that the Magistrate Judge was questioning the extent to which Vudu was challenging Plaintiffs' direct infringement claims, in addition to the induced infringement claims. *See* 10/28/20 Tr. at 6:3-8:3. The Report recommended denying that portion of Vudu's motion to dismiss, and Vudu has not objected to that recommendation.

Fourth, Plaintiffs assert that they "did not have the opportunity to brief [their] side." D.I. 101 at 6. Following Vudu's submission of its Reply brief, however, Plaintiffs filed a Request for Oral Argument or Sur-Reply requesting either (1) oral argument on Defendant Vudu's Motion to Dismiss, or (2) in the alternative, the

opportunity to file a sur-reply, which they attached as Exhibit 1 to their request. *See* D.I. 62. The Magistrate Judge granted oral argument as requested and Plaintiffs had every opportunity to make the arguments set forth in their sur-reply.  At the oral argument, Plaintiffs pointed out Paragraph 65 of the FAC and made the same argument that they make in their Objections. *See* 10/28/20 Tr. at 37.  Not only did the Magistrate Judge hear extensive argument from Plaintiffs on this point, but they fail to identify any additional argument they would have made in support of their willful blindness claims but were unable to raise.

## IV.    CONCLUSION

For the foregoing reasons, the Report and Recommendation should be adopted in its entirety.

MORRIS NICHOLS ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

_____

OF COUNSEL:

Steven Lieberman
Sharon L. Davis
Jennifer B. Maisel
Brian S. Rosenbloom
Nicole DeAbrantes
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
607 14th Street, N.W., Suite 800
Washington, DC  20005
(202) 783-6040

February 23, 2021

Jack B. Blumenfeld (#1014)
Andrew M. Moshos (#6685)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
amoshos@morrisnichols.com

*Attorneys for Defendant*

9

## <u>WORD COUNT CERTIFICATION</u>

The undersigned counsel hereby certifies that the foregoing document contains 2,148 words, which were counted by using the word count feature in Microsoft Word, in 14-point Times New Roman font.  The word count includes only the body of the response.  The word count does not include the cover page, tables of contents and authorities, or the counsel blocks.

*/s/ Jack B. Blumenfeld*

_____

Jack B. Blumenfeld (#1014)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 23, 2021, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on February 23, 2021, upon the following in the manner indicated:

Timothy Devlin, Esquire                                      *VIA ELECTRONIC MAIL*
Leonard Monfredo, Esquire
Veronica M. Schad, Esquire
Robert Kiddie, Esquire
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE  19806
*Attorneys for Plaintiffs*


*/s/ Jack B. Blumenfeld*

_____
Jack B. Blumenfeld (#1014)