IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

HELIOS STREAMING, LLC and IDEAHUB, INC.,

Plaintiffs,

v.

VUDU, INC.,

Defendant.

Civ. No. 19-1792-CFC/SRF

**ORDER**

Pending before me are Plaintiffs Helios Streaming, LLC and Ideahub, Inc.'s Objections to the Magistrate Judge's January 26, 2021 Report and Recommendation. D.I. 101. The Magistrate Judge recommended in her Report and Recommendation that I grant in part and deny in part Defendant Vudu, Inc.'s motion to dismiss. D.I. 90 at 18. Plaintiffs object only to the Magistrate Judge's recommendation that I dismiss without prejudice Plaintiffs' pre-suit induced infringement claims in Counts I and VIII–XI of the First Amended Complaint. D.I. 101 at 3, 8.[1] More specifically, Plaintiffs object to the Magistrate Judge's

[1] Plaintiffs do not challenge the Magistrate Judge's recommendations that I dismiss (1) the induced infringement claims in Count VI; (2) the pre-suit induced infringement claims in Counts II–V and VII. D.I. 90 at 17–18. Accordingly, I will adopt those recommendations. Vudu did not object to the Magistrate Judge's recommendation that I deny its motion with respect to the post-suit induced infringement claims in Counts I–V and VII–XI, D.I. 90 at 18, and therefore I will

conclusion that Plaintiffs failed to allege facts sufficient to support a reasonable inference that Vudu had pre-suit knowledge of infringement.

The Magistrate Judge had the authority to make her recommendation under 28 U.S.C. § 636(b)(1)(B). I review her recommendation de novo. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011).

Plaintiffs argue that the Magistrate Judge "commit[ted] legal error by evaluating [Plaintiff's] pre-suit willful blindness allegations via an actual knowledge framework." D.I. 101 at 1. But Plaintiffs mischaracterize the Report and Recommendation. In point of fact, the Magistrate Judge set forth correctly the law on willful blindness and then applied that law in her analysis of whether the facts pleaded in the First Amended Complaint plausibly implied a claim for willful blindness of infringement. *See* D.I. 90 at 5, 12-16. Plaintiffs do not articulate in their objections any specific reason why the Magistrate Judge's analysis of the pleaded facts was wrong, and I discern no error in her analysis.

Plaintiffs also argue that because Vudu did not specifically dispute the sufficiency of the First Amended Complaint's willful blindness allegations until its opening brief filed in support of its motion to dismiss, it was "inappropriate" for

---

adopt that recommendation.

the Magistrate Judge to recommend the dismissal of claims that are based on those allegations. D.I. 101 at 2. But Plaintiffs' theory about why Vudu had actual knowledge of infringement of their patents (a theory that Vudu explicitly addressed in its opening brief) is the same theory Plaintiffs pressed in the alternative about why Vudu was willfully blind to such knowledge—namely, that the patents were standard essential and Vudu provided some streaming services that utilized the applicable standard. Accordingly, the Magistrate Judge reasonably concluded that Vudu did not improperly reserve material for its reply brief in violation of the Court's local rules.

In any event, Plaintiffs have not demonstrated how they were prejudiced by the Magistrate Judge's consideration of Vudu's reply brief arguments. Plaintiffs expressly argued before the Magistrate Judge that Vudu's reply brief contained new arguments not raised in Vudu's opening brief. D.I. 62 at 1. They asked for relief in the form of "either" oral argument or permission to file a sur-reply brief, a copy of which they submitted for the Magistrate Judge's consideration. *Id.* The Magistrate Judge thereafter held a 90-minute oral argument. Most important, Plaintiffs have not identified any argument that they were unable to present to the Magistrate Judge.

Plaintiffs argue that the Magistrate Judge overlooked in her willful blindness

analysis a paragraph that is repeated verbatim five times in the First Amended Complaint. *See* D.I. 101 at 6 (citing paragraphs 65, 461, 519, 577, and 635 of the D.I. 45). The paragraph in question summarizes email communications initiated by Plaintiffs to prompt Vudu to engage in negotiations about a licensing arrangement for Plaintiffs' patents. Although the Magistrate may not have cited the paragraph by number in her analysis, she expressly referenced the licensing negotiations in her analysis. *See* D.I. 90 at 15 n.18.

Ultimately, Plaintiffs' objections fail because, as the Magistrate Judge found, Plaintiffs' factual allegations—namely, that they informed Vudu that (1) their patents pertained to the MPEG-DASH standard and (2) Vudu practiced that standard—are insufficient to support Plaintiffs' induced infringement claims. Plaintiffs conceded at oral argument that the claims in the patents in question include optional features. D.I. 90 at 15, citing 10/28/2020 Tr. at 44:3–4. When the relevant section of the standard in question is optional, compliance with the standard by itself is insufficient to establish that the accused infringer implemented the optional section and thus is insufficient to establish infringement. *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1327–28 (Fed. Cir. 2010).

NOW THEREFORE, at Wilmington on this Twenty-fifth day of March in 20201, it is HEREBY ORDERED that:

1. Plaintiff's objections to the Magistrate Judge's Report and Recommendation (D.I. 101) are OVERRULED;
2. The Report and Recommendation (D.I. 90) is ADOPTED;
3. Defendants' motion to dismiss (D.I. 53) is GRANTED IN PART AND DENIED IN PART;
4. Plaintiffs' pre-suit induced infringement claims in Counts I and VIII–XI of the First Amended Complaint are DISMISSED without prejudice;
5. Plaintiffs' induced infringement claims in Count VI are DISMISSED without prejudice;
6. Plaintiffs' pre-suit induced infringement claims in Counts II-V and VII are DISMISSED without prejudice.

UNITED STATES DISTRICT JUDGE