## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HELIOS STREAMING, LLC, and IDEAHUB, INC., ) ) ) Plaintiffs, ) ) v. ) ) VUDU, INC., ) ) Defendant. ) | Civil Action No. 19 1792-CFC-SRF |

### MEMORANDUM OPINION

Presently before the court in this patent infringement action are the following motions: (1) the motion of defendant Vudu, Inc. ("Vudu") to stay the action pending resolution of *inter partes* review ("IPR") proceedings (D.I. 145),[1] and the motion of plaintiffs Helios Streaming, LLC and Ideahub, Inc. (collectively, "Plaintiffs") for leave to file a surreply in connection with Vudu's motion to stay (D.I. 169). For the following reasons, Vudu's motion to stay is GRANTED and Plaintiffs' motion for leave to file a surreply is GRANTED.

---

[1] The briefing and other filings associated with the pending motion to stay are found at D.I. 146, D.I. 147, D.I. 150, D.I. 151, D.I. 152, D.I. 153, D.I. 159, D.I. 160, and D.I. 161. The parties' joint status report has also been considered in connection with the pending motion. (D.I. 178) On August 3, 2021, the parties entered into a stipulation of dismissal in related Civil Action No. 19-1978 CFC SRF. (D.I. 125) The stipulation of dismissal was ordered by the District Judge on August 4, 2021. (D.I. 126) In light of the dismissal, the corresponding motion to stay filed by defendants Showtime Digital Inc. and Showtime Networks Inc. in C.A. No. 19-1978-CFC-SRF is no longer pending before the court.

I.  **BACKGROUND**

Plaintiffs brought this civil action in September 2019, alleging infringement of eleven patents: United States Patent Nos. 10,027,736 ("the '736 patent"), 10,270,830 ("the '830 patent"), 10,277,660 ("the '660 patent"), 10,313,414 ("the '414 patent"), 10,356,145 ("the '145 patent"), 10,362,130 ("the '130 patent"), 10,375,373 ("the '373 patent"), 8,645,562 ("the '562 patent"), 8,909,805 ("the '805 patent"), 9,325,558 ("the '558 patent"), and 9,467,493 ("the '493 patent"). (D.I. 2) Each of the patents-in-suit "claims technologies for providing adaptive HTTP[2] streaming services using metadata of media content." (*Id.* at ¶¶ 10–20) These technologies are "fundamental to Dynamic Adaptive Streaming over HTTP ('DASH'), a media-streaming model for delivering media content." (*Id.* at ¶ 22) The patented DASH technologies are used for dynamic adaptive streaming delivery of MPEG media. (*Id.* at ¶ 24) These MPEG-DASH technologies break media content into smaller parts made available at a variety of bitrates to improve streaming quality. (*Id.* at ¶ 25)

Plaintiffs voluntarily dismissed their claims for infringement of one of the patents-in-suit in February 2021. (D.I. 96) In July 2021, Plaintiffs voluntarily dismissed their claims for infringement of two more patents, the '414 patent and the '830 patent. (D.I. 177) Vudu continues to prosecute two IPRs challenging the validity of the '830 and '414 patents, which were instituted in April 2021. (D.I. 178 at 2; D.I. 147, Exs. G, H)

A third IPR proceeding challenging the validity of the '562 patent was instituted in February 2021 and remains ongoing, with a final written decision expected in February 2022.[3] (D.I. 147, Ex. C) Plaintiffs maintain causes of action for infringement of the '562 patent against

---

[2] The complaint defines "HTTP" as "Hypertext Transfer Protocol." (D.I. 2 at ¶ 10)
[3] The IPR proceeding regarding the '562 patent was brought by Unified Patents LLC. The IPR case number is IPR2020-01338.

2

Vudu. Three of the other asserted patents in this litigation share a common specification with the parent '562 patent: the '660 patent, the '493 patent, and the '763 patent. Moreover, the '805 patent is subject to a terminal disclaimer over the '562 patent. (D.I. 146 at 2)

On February 24, 2021, the court issued an oral order vacating the trial and pretrial conference dates. (2/24/2021 Oral Order) An amended scheduling order was entered on March 5, 2021, which set a fact discovery deadline of November 15, 2021 to accommodate the depositions of foreign inventors. (D.I. 119 at ¶ 2) Expert discovery is scheduled to begin in January 2022. (*Id.* at ¶ 2(h)) Case dispositive motions are currently due on April 21, 2022. (*Id.* at ¶ 13) On March 5, 2021, the court entered an oral order vacating the schedule for claim construction pending the outcome of the instant motion to stay. (3/5/2021 Oral Order) Accordingly, the only remaining scheduling order deadlines in force are those for the substantial completion of fact discovery, expert discovery, and case dispositive motions. (D.I. 119 at ¶¶ 2, 13)

## II. LEGAL STANDARD

A court has discretionary authority to grant a motion to stay. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936); *Dentsply Int'l Inc. v. Kerr Mfg. Co.*, 734 F. Supp. 656, 658 (D. Del. 1990). Courts consider three factors in deciding how to exercise this discretion: (1) whether a stay will simplify the issues for trial; (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay or allow the movant to gain a clear tactical advantage. *See Am. Axle & Manuf., Inc. v. Neapco Holdings LLC*, C.A. No. 15-1168-LPS, 2021

WL 616992, at *2 (D. Del. Feb. 17, 2021) (citing *Ethicon LLC v. Intuitive Surgical, Inc.*, C.A. No. 17-871-LPS, 2019 WL 1276029, at *1 (D. Del. Mar. 20, 2019)).

### III. DISCUSSION

#### A. Simplification of Issues

Vudu argues that a stay pending resolution of the three IPR proceedings will simplify the issues for trial not only with respect to the '562 patent, but also with respect to the balance of the asserted patents due to similarities among the asserted claims and the identity of the prior art references. (D.I. 146 at 10-14) Vudu proposes a carve out to the stay that would allow the depositions of third-party foreign inventors to proceed. (D.I. 159 at 3-4)

Plaintiffs do not dispute that the PTAB's issuance of the final written decisions is likely to impact the scope of these proceedings. (D.I. 150 at 12) Instead of a stay, however, Plaintiffs propose extending the deadlines for fact and expert discovery, claim construction, and case dispositive motions until after the deadline for the last final written decision on April 19, 2022. (*Id.* at 11) According to Plaintiffs, this approach would achieve the same goal while allowing Plaintiffs to pursue fact discovery from Vudu, and Vudu would continue pursuing foreign inventor discovery. (*Id.*) Plaintiffs maintain that the IPRs will not impact the scope of fact discovery because all of the asserted patents cover the same technology and the same accused products. (*Id.* at 10)

There is no dispute that the asserted claims of the patents-in-suit are similar, and efficiencies would be gained by postponing expert discovery, claim construction, and case dispositive motions until after the IPR proceedings are complete. *See British Telecommc'ns PLC v. IAC/InterActiveCorp*, C.A. No. 18-366-WCB, 2019 WL 4740156, at *7 (D. Del. Sept. 27, 2019) (granting motion to stay pending resolution of IPR proceedings, even where IPR

4

proceedings were instituted on fewer than all asserted claims in the related litigation); *IOENGINE, LLC v. PayPal Holdings, Inc.*, C.A. No. 18-452-WCB, 2019 WL 3943058, at *2 (D. Del. Aug. 21, 2019) (same). Moreover, the parties agree that foreign inventor depositions should be exempt from a stay or extensions of the scheduling order deadlines. (D.I. 161, Ex. K at 21:22-22:9) The only remaining question is whether Plaintiffs should also be permitted to continue pursuing fact discovery from Vudu while the IPR proceedings remain pending.

Because the parties agree that the issuance of the final written decisions in the pending IPR proceedings is likely to simplify the issues for trial, I find that this factor weighs in favor of a stay. The simplification of issues for trial will have the added benefit of reducing the burdens of fact discovery in this case. If the PTAB invalidates all of the claims before it, fact discovery regarding those claims will no longer be necessary. On the other hand, if the PTAB upholds the validity of some or all of the asserted claims, the invalidity arguments raised by Vudu in this litigation will be narrowed, and fact discovery will not be necessary as to those invalidity defenses. This narrowing will extend to asserted claims that were not the subject of IPR proceedings due to the similarities among the claims, which are not disputed.

### B. Stage of Litigation

Vudu argues that the stage of the litigation weighs in favor of a stay because fact discovery is not yet complete, expert discovery has not begun, and no claim construction hearing or trial date has been set. (D.I. 146 at 15-16) According to Vudu, a stay pending the completion of the IPR proceedings will relieve the court of addressing claim construction, invalidity, and infringement issues that may become moot in light of the IPR proceedings. (*Id.* at 16)

In response, Plaintiffs contend that judicial economy is best served by allowing the parties to proceed with fact discovery while the IPRs are pending because the IPRs will not alter

the scope of fact discovery. (D.I. 150 at 13-14) Plaintiffs note that the court will not be burdened by proceeding with Plaintiffs' proposal instead of staying the case because, under either scenario, the *Markman* hearing, the pretrial conference, and the trial date have been vacated. (*Id.*)

The stage of the litigation weighs in favor of a stay because "the most burdensome stages of the cases—completing fact discovery, preparing expert reports, filing and responding to pretrial motions, preparing for trial, going through the trial process, and engaging in post-trial motions practice—all lie in the future." *IOENGINE, LLC v. PayPal Holdings, Inc.*, C.A. No. 18-452-WCB, 2019 WL 3943058, at *5 (D. Del. Aug. 21, 2019). In this case, fact discovery remains ongoing, no depositions have been taken, expert discovery has not yet begun, and the claim construction hearing, pretrial conference, and trial dates have been vacated. Although this case is not "in its infancy," a stay is warranted because "the bulk of the expenses that the parties would incur . . . is still in the future." *Id.* (internal citations omitted). Because the PTAB's final written decisions in the IPR proceedings are likely to substantially narrow the scope of the cases, many of the expenses incurred in fact discovery, expert discovery, claim construction, and trial will be reduced and/or eliminated if a stay is entered. *See RetailMeNot, Inc. v. Honey Science LLC*, C.A. No. 18-937-CFC-MPT, 2020 WL 373341, at * (D. Del. Jan. 23, 2020) (finding the stage of the litigation weighed in favor of a stay even though the claim construction Report and Recommendation was pending and depositions were continuing because the stay would "avoid further fact discovery, the entirety of expert discovery and associated expert reports, filing and responding to dispositive and other pretrial motions," and otherwise preparing for and participating in trial).

### C. Prejudice

Plaintiffs accuse Vudu of seeking a tactical advantage by delaying all discovery except for the depositions of foreign inventors, noting that this may allow Vudu to depose foreign inventors before Plaintiffs can depose Vudu's witnesses. (D.I. 150 at 15-16) But Vudu correctly observes that the exception to the stay for the completion of foreign inventor depositions was suggested by the court to avoid disrupting the lengthy and procedurally cumbersome process of obtaining foreign depositions pursuant to letters rogatory and/or the Hague Convention. (D.I. 159 at 10; D.I. 161, Ex. K at 19:3-22:9) Plaintiffs have not sufficiently shown that they will suffer a tactical advantage as a result of this carve out. Therefore, this factor weighs in favor of granting Vudu's motion to stay.[4]

### IV. CONCLUSION

On balance, the stay factors weigh in favor of entering a stay pending the issuance of final written decisions in the IPR proceedings in April 2022. Therefore, Vudu's motion to stay is GRANTED. (D.I. 145) Plaintiffs' motion for leave to file a surreply is also GRANTED. (D.I. 169) An Order consistent with this Memorandum Opinion shall issue.

Given that the court has relied upon material that technically remains under seal, the court is releasing this Memorandum Opinion under seal, pending review by the parties. In the unlikely event that the parties believe that certain material in this Memorandum Opinion should be redacted, the parties shall jointly submit a proposed redacted version by no later than **August 12, 2021**, for review by the court, along with a motion supported by a declaration that includes a

---

[4] For the reasons stated by the court on the record during the August 5, 2021 proceeding, the parties' arguments regarding D. Del. LR 7.1.1 and Federal Rule of Evidence 408 are not persuasive and are ancillary to the core considerations of the stay analysis. Therefore, those arguments do not influence the analysis in the instant Memorandum Opinion.

clear, factually detailed explanation as to why disclosure of any proposed redacted material would "work a clearly defined and serious injury to the party seeking closure." *See In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (internal quotation marks omitted)). If the parties do not file a proposed redacted version and corresponding motion, or if the court determines the motion lacks a meritorious basis, the documents will be unsealed within thirty (30) days of the date the Memorandum Opinion issued.

This Memorandum Opinion is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Opinion. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to ten (10) pages each. The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, www.ded.uscourts.gov.

Dated: August 5, 2021

Sherry R. Fallon
United States Magistrate Judge